# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| JEFFREY COVINGTON § | |
| § | |
| v. § | CIVIL ACTION NO. 3:22-CV-2292-S |
| § | |
| DICKEY'S BARBECUE § | |
| RESTAURANTS, INC. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dickey's Barbecue Restaurants, Inc.'s Motion to Strike Plaintiff's Demand for Jury Trial ("Motion") [ECF No. 41]. The Court has reviewed the Motion, Defendant's Brief in Support of the Motion ("Defendant's Brief") [ECF No. 41-1], Plaintiff Jeffrey Covington's Response to the Motion ("Response") [ECF No. 45], Defendant's Reply in Support of the Motion [ECF No. 47], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

On March 5, 2021, Plaintiff and Defendant entered into the Franchise Agreement ("Agreement"). Def.'s App. in Supp. of Mot. ("Defendant's Appendix") [ECF No. 41-2] 18. The Agreement includes the following jury trial waiver:

> 27.6 <u>**JURY TRIAL WAIVER.**</u> **YOU AND DICKEY'S IRREVOCABLY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER AT LAW OR IN EQUITY, BROUGHT BY EITHER OF THEM AGAINST THE OTHER, WHETHER OR NOT THERE ARE OTHER PARTIES IN SUCH ACTION OR PROCEEDING.**

*Id.* at 71. The waiver is located in its own paragraph separated from other Agreement provisions and is in bold font and all caps. *Id.*

Plaintiff and Defendant's business relationship, however, broke down, and eventually, Plaintiff sued Defendant for various claims arising out of the Agreement. *See* Pl.'s Second Am. Compl. ("Amended Complaint") [ECF No. 20] § VI.

Over two years after filing suit, Plaintiff made a jury demand for the first time in this litigation. Pl's Demand for Jury Trial ("Jury Demand") [ECF No. 34]. Defendant subsequently filed the Motion, arguing that Plaintiff knowingly and voluntarily waived his right to a jury trial by signing the Agreement. *See* Def.'s Br. 3-8.

## II. ANALYSIS

The Court concludes that the jury trial waiver in the Agreement was made knowingly and voluntarily and thus is enforceable as to all of Plaintiff's claims against Defendant. In determining whether a jury waiver was made knowingly and voluntarily, courts generally consider the following factors: (1) whether the parties had an opportunity to negotiate the terms of the agreement, (2) whether the provision waiving jury trial was conspicuous, (3) the relative bargaining power of the parties, and (4) the business acumen or professional experience of the party opposing the waiver. *Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 544 (5th Cir. 2023) (citation omitted).[1] "Some courts within [the Fifth Circuit] also consider whether the party was represented by counsel." *Id.* (citation omitted). These factors, while "helpful, [are] not exhaustive." *Id.*

"[T]he party objecting to the enforcement of a waiver in a facially valid contract bears the burden of showing the waiver's unenforceability." *Id.* at 541. Because Defendant has directed the Court to the existence of a facially valid jury waiver, *see* Def.'s App. 71, the burden shifts to

---

[1] "Whether a party is entitled to a jury trial is a legal question that is reviewed de novo." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 416 (5th Cir. 2014) (citation omitted). However, the Fifth Circuit has not addressed whether it applies a de novo standard or clearly erroneous standard to the question of whether a waiver of a jury trial was made knowingly and voluntarily. *See Pizza Hut L.L.C.*, 79 F.4th at 544 n.31. Nevertheless, no matter what legal standard applies on review, the Court finds it appropriate to provide a full analysis of its holding that the jury trial waiver is enforceable.

Plaintiff "to explain why the contractual waiver is invalid," *Pizza Hut L.L.C.*, 79 F.4th at 541. Plaintiff makes several arguments for why the waiver is unenforceable. The Court addresses each argument in turn.

As to the second factor, conspicuousness, Plaintiff argues that the waiver is inconspicuous because it "is buried within a 73-page document," is positioned between similarly capitalized provisions, is "neither bolded nor colored differently," and is not "set apart by symbols that draw attention." *Id.* "Courts determine the conspicuousness of jury waiver clauses on a case-by-case basis, and consider factors such as the typeface, the length of the document, and the location of the waiver clause." *Zavala v. Aaron's, Inc.*, No. 4:15-CV-123, 2015 WL 5604766, at *2 (E.D. Tex. Sept. 23, 2015) (citation omitted). Here, the waiver is set off its in own paragraph titled "**<u>Jury Title Waiver</u>**." Def.'s App. 71. Moreover, the waiver is bolded, despite Plaintiff's assertion to the contrary, and capitalized, while the majority of the Agreement is neither bolded nor capitalized. *Id.*; *see Bank of Am., NA v. Ztar Mobile, Inc.*, No. 3:23-CV-826-BN, 2024 WL 1809508, at *4-5 (N.D. Tex. Apr. 20, 2024) (finding waiver conspicuous where the jury trial waiver was bolded and capitalized); *Zavala*, 2015 WL 5604766, at *2 (finding waiver conspicuous where it was separated out in its own paragraph, in bold font, and underlined). And while the Agreement, excluding attachments, is 56 pages long (not 73 pages, as Plaintiff argues), the waiver's language is unambiguous and is located on the second to last substantive page of the Agreement. *See Oneto as Tr. of Miguel Oneto Tr. v. Latinoamericana de Energia*, No. 1:21-CV-00175, 2024 WL 467567, at *1 (S.D. Tex. Jan. 10, 2024) (finding waiver conspicuous where the waiver's language was unambiguous and located on the last substantive page of a 24-page agreement).[2] Accordingly,

---

[2] Plaintiff provides no case law supporting the proposition that a jury trial waiver must be colored differently and/or set apart by symbols be conspicuous. As such, the Court does not address these arguments.

3

the Court finds that the jury trial waiver is conspicuous, and this factor weighs in favor of enforcing the waiver.

As to the consideration relating to counsel representation, Plaintiff argues that because he was not legally represented in signing the Agreement, the waiver is unenforceable. Resp. 5. For this consideration, district courts focus not on whether a lawyer was consulted in the signing of an agreement but whether the party had an opportunity to consult an attorney. *See, e.g., Miramontes v. Peraton, Inc.*, No. 3:21-CV-3019-B, 2022 WL 17364263, at *4 (N.D. Tex. Dec. 1, 2022) ("[I]f a party had the opportunity to consult an attorney, it is not necessary that he actually consulted an attorney." (citation omitted)). Plaintiff has the burden to establish that the waiver is unenforceable, and he provides no evidence that he was not given the opportunity to consult an attorney in signing the Agreement. Indeed, the Agreement states that "[Defendant] has provided [Plaintiff] ample time and opportunity to consult with advisors and attorneys of [Plaintiff's] own choosing about the content of the Agreement and the potential benefits and risks of entering into this Agreement." Def.'s App. 72. Further, according to his deposition testimony, Plaintiff understood that he could be represented by an attorney in signing the Agreement but apparently decided to not consult one. Def.'s App. in Supp. of Its Mot. for Summ. J. [ECF No. 43-1] 67 at 66:13-23. Accordingly, Plaintiff's failure to consult an attorney neither weighs in favor of nor against enforcing the waiver.

Plaintiff fails to address the first, third, and fourth factors that courts generally consider in determining whether a jury waiver was made knowingly and voluntarily. *See Pizza Hut L.L.C.*, 79 F.4th at 544 (observing that courts generally consider whether parties had the opportunity to negotiate the terms of the agreement, the relative bargaining power of the parties, and the business acumen or professional experience of the party opposing the waiver (citation omitted)). As it is Plaintiff's burden to establish the waiver's unenforceability, the Court need not address these

additional factors. Moreover, Defendant argued in its Motion that these other factors weigh in favor of enforcing the waiver, *see* Def.'s Br. 4-5, 6-8, but Plaintiff did not address these arguments in his Response. "Judges in this district and elsewhere have consistently deemed arguments as conceded where those arguments remain unaddressed in the parties' responsive briefing." *Cobble v. 20/20 Commc'ns, Inc.*, No. 4:18-CV-00150-Y, 2019 WL 13175520, at *4 (N.D. Tex. Feb. 21, 2019) (citation omitted). As such, the Court finds that Plaintiff has conceded that these additional factors weigh in favor of enforcing the waiver.

Plaintiff makes an additional argument that his claims of fraud and theft "suggest[] that the conditions under which the waiver was agreed upon may not meet the rigorous standards required for such a waiver to be recognized as valid and enforceable." Resp. 5. To avoid a jury trial waiver based on fraud, a plaintiff must "allege that the jury trial waiver specifically was procured by fraud," not "the agreement as [a] whole." *Pizza Hut L.L.C.*, 79 F.4th at 544. Here, Plaintiff provides no evidence that his agreement to the waiver specifically was induced by fraud. And as to Plaintiff's reference to his claim of theft, Plaintiff provides no case law to support his argument that an allegation of theft will undermine the enforceability of a jury trial waiver. Accordingly, the Court finds this argument unpersuasive.

After consideration of all of the above, the Court concludes that the jury trial waiver was made knowingly and voluntarily and is therefore enforceable.

Plaintiff also argues that even if the waiver is enforceable, its scope is ambiguous and does not apply to Plaintiff's independent claims of "fraud, theft, and deception" that do not arise out of the Agreement. Resp. 1-2, 7. The Court disagrees. As an initial matter, the waiver's language is unambiguous and provides that "[Plaintiff] and [Defendant] irrevocably waive trial by jury in any action, proceeding or counterclaim, . . . brought by either of them against the other . . . ." Def.'s

5

App. 71 (emphases omitted). The Court finds that "the jury waiver's plain language 'applies to the universe of litigation between'" Plaintiff and Defendant. *Pizza Hut L.L.C.*, 79 F.4th at 546 (finding that a jury trial waiver applying to "any litigation between or among" the parties was a broad waiver).

In support of his argument that the waiver does not apply to his claims of "theft, fraud, and deception," Plaintiff seems to apply the *expressio unius* canon of construction. Resp. 2, 7. This canon "teaches that the expression of one thing implies the exclusion of others." *United States v. Vargas*, 74 F.4th 673, 686 (5th Cir. 2023) (cleaned up). Applying this canon, Plaintiff points out that the waiver does not include "broad language" like "relates to," "arising out of," or "in connection with," whereas the drafters of the Agreement included such language in other provisions governing mediation, arbitration, and choice of law. *Id.* at 2. To Plaintiff, this "deliberate omission" of language like "arising out of" means the waiver is limited only to claims "concerning [Defendant's] contractual obligations under the [A]greement, not to independent claims," like "fraud, theft, and deception." *Id.* at 2, 7.

Plaintiff misconstrues the *expressio unius* canon of construction. Instead, the omission of language like "arising out of" in the waiver, when such language is expressly included in other Agreement provisions, suggests the opposite: The drafters intended to broaden the scope of the waiver rather than narrow its scope to only claims arising out of the Agreement. Therefore, the Court concludes that the scope of the waiver covers any litigation between Plaintiff and Defendant, including Plaintiff's claims for "fraud, theft, and deception."

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Demand for Jury Trial [ECF No. 41].

**SO ORDERED.**

SIGNED March 20, 2025.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**